**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CLINTON LEE SPENCER,          )<br>                               )<br>          Plaintiff,           )<br>                               )<br>     v.                        )<br>                               )<br>PATRICIA STAPLER, CONRAD LUNA, )<br>GARY PINKSTAFF,               )<br>                               )<br>          Defendants.          )<br>_____) | CIV 04-1532 PHX SMM (VAM)<br><br>MEMORANDUM AND ORDER |

Pending before the Court is Defendants' motion for summary judgment (Doc. 53), and Defendants' motion to strike Plaintiff's statement of facts (Doc. 62).

**Background**

Plaintiff, a prisoner confined by the Arizona Department of Corrections, filed a pro se civil rights complaint (Doc. 1) on July 26, 2004, seeking compensatory damages.[1]  On September 28, 2004, the Court ordered Defendants, sued in their individual and official capacities, to answer two counts of the complaint.  Doc. 5.  The Court ordered Defendants to answer

---

[1] The Court notes Plaintiff previously litigated a case against Defendant Pinkstaff and Defendant Stapler regarding these Defendants' alleged failure to provide proper medical treatment to Plaintiff, which was resolved by means of summary judgment in favor of Defendant Stapler and the dismissal of the claims against Defendant Pinkstaff.  See Spencer v. Pinkstaff, 124 Fed. App. 518, 519 (9th Cir. 2005), from an appeal of the decision entered in Spencer v. Pinkstaff, 02 CV 0540 PHX SMM, Docket No. 60 (entered March 16, 2004).

Plaintiff's allegation that Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment rights, i.e., that Defendants denied him warmer clothing and a warmer cell, and that Defendants failed to provide proper medical treatment for Plaintiff's Type II diabetes. Id.

On September 18, 2005, the Court denied Plaintiff's motion for injunctive relief with regard to the treatment provided by the Arizona Department of Corrections for Plaintiff's diabetes. See Doc. 51. On October 31, 2005, Defendants filed a motion for summary judgment and a separate statement of facts in support of their motion for summary judgment. Doc. 53 & Doc. 54. Defendants filed extensive exhibits to their motion for summary judgment. See Doc. 56 & Doc. 57. Plaintiff filed a response to the motion for summary judgment and a separate statement of facts on December 1, 2005. Doc. 59 & Doc. 60. Defendants filed a reply to Plaintiff's response to their motion for summary judgment (Doc. 63), and a motion (Doc. 62) to strike Plaintiff's statement of facts on December 23, 2005.

Defendants assert that they are entitled to judgment as a matter of law because Plaintiff's claims are barred by the applicable statute of limitations and because the undisputed material facts establish Defendants did not violate Plaintiff's constitutional rights. Defendants maintain Plaintiff presents no evidence that they knowingly disregarded a serious medical need, and also argue Plaintiff has not shown any physical damage attributable to Defendants' acts. Defendants assert Plaintiff

offers only his unsupported conclusions that a different course of treatment for his diabetes would have minimized or prevented further physical problems.

Additionally, Defendants assert they are entitled to qualified immunity from Plaintiff's claims against them in their official capacities.  Defendants also argue that, because Plaintiff does not allege any physical injury with regard to his claim against Defendant Luna, his claim for monetary relief against Defendant Luna is barred by 42 U.S.C. 1997e(e).

**Discussion**

**A.  Standard for granting a motion to strike statement of facts in opposition to motion for summary judgment**

Defendants assert Plaintiff's statement of facts in its entirety and the supporting exhibits at Docket No. 60 should be stricken because the alleged facts are not admissible as evidence, lack foundation, or are objectionable because they are "irrelevant, inaccurate, misleading, and otherwise improper." Doc. 62.

Granting or denying a motion to strike a statement of facts or affidavit, or portions thereof, offered in support of or opposition to a motion for summary judgment is a matter that is within the Court's discretion.  See Ackley v. Western Conference of Teamsters, 958 F.2d 1463, 1470 (9th Cir. 1992); O'Regan v. Arbitration Forums, Inc., 246 F.3d 975, 987-88 (7th Cir. 2001); Lennon v. Rubin, 166 F.3d 6, 9 (1st Cir. 1999).

Rule 56(e), Federal Rules of Civil Procedure, provides:

> Supporting and opposing *affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that*

-3-

>   *the affiant is competent to testify to the matters stated therein*. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. ...

If Plaintiff's affidavit does not conform to the requirements of Rule 56(e), the Court may decline to consider the facts asserted in the affidavit in determining whether Defendants are entitled to judgment as a matter of law, or the Court may strike the affidavit in its entirety. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996). The Court need not consider statements in an affidavit made by a plaintiff which are not based on the plaintiff's personal knowledge, or which are only conclusory statements, when determining if the plaintiff has produced enough evidence to support his claims. See Union Ins. Soc'y of Canton, Ltd. v. William Gluckin & Co., 353 F.2d 946, 952-53 (2d Cir. 1965). Additionally, "statements that are impermissible hearsay ... or self-serving are generally precluded." Judicial Watch, Inc. v. United States Dep't of Commerce, 224 F.R.D. 261, 264 (D.D.C. 2004).

Clearly, portions of Plaintiff's affidavit are conclusory allegations not supported by Plaintiff's personal knowledge. However, rather than striking the entire statement of facts, the Court will exercise its discretion to exclude only those statements which are not based on Plaintiff's personal knowledge. See Chambless v. Masters, Mates & Pilots Pension Plan, 571 F. Supp. 1430, 1459 (S.D.N.Y. 1993). The Court will

1 ignore or refrain from using those parts of any affidavit which
2 are defective in determining whether Plaintiff has produced
3 sufficient evidence to survive Defendants' motion for summary
4 judgment.

**B. Standard for granting summary judgment**

The Court must grant a motion for summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. The dispute must also be genuine; the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson, 477 U.S. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The nonmoving party need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." Celotex, 477 U.S. at

-5-

324. However, "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id.

The Court must consider a party's motion for summary judgment construing the alleged facts with all reasonable inferences favoring the nonmoving party. See Baldwin v. Trailer Inns, Inc., 266 F.3d 1104, 1117 (9th Cir. 2001). Although a pro se litigant's pleadings are to be liberally construed, pro se litigants are held to the same evidentiary legal standard in determining whether to grant a motion for summary judgment. See Haines v. Kerner, 404 U.S. 519, 529 (1972).

**C. Factual background**

Plaintiff is an inmate in the custody of the Arizona Department of Corrections ("ADOC"). Plaintiff has been in ADOC custody since 1991, and he has been housed at the Special Management Unit II ("SMU II"), Arizona State Prison Complex-Eyman ("ASPC-Eyman") since 1998. In 1991 Plaintiff was diagnosed with "Type II" diabetes. In is undisputed that Plaintiff has numerous secondary health problems resulting from his diabetes, including eye, nerve, and kidney disease.

Plaintiff's complaint alleges Defendants' failure to properly treat his diabetes caused the effects of his diabetes, i.e., his eye, nerve, and kidney disease. Plaintiff contends Defendants continually failed to provide him with the necessary medications, examinations, education, and therapy to prevent his secondary health problems. See Doc. 59.

Plaintiff contends Defendant Stapler delayed treatment for his diabetic neuropathy, alleging this resulted in "substantial harm." Doc. 60 at 4. Plaintiff further contends he is denied a diet which accommodates his diabetes. Id. at 5. Plaintiff alleges his "poor circulation likely resulted from blood vessel disease caused by uncontrolled diabetes." Id. at 6. Plaintiff alleges facts regarding the treatment of his diabetes by Defendant Stapler, which he argues were inadequate or improper. Plaintiff contends, inter alia, that Defendant Stapler denied him the medication Glyburide (an oral diabetes medication) and that Defendant discontinued his medications on October 31, 2001, "to harm [Plaintiff's] health." Id., Attach. at 4. Plaintiff avers various ADOC inmates are prepared to testify that Defendant Stapler failed to provide those inmates with proper medical care, i.e., they will testify as to Defendant Stapler's "neglect." Id., Attach. at 16.

Additionally, Plaintiff alleges "Defendants Stapler, Luna, and Pinkstaff denied a basic human need for warmer clothing and a warmer cell causing Plaintiff to suffer from numerous medical problems... " Doc. 59 at 2. Plaintiff contends his diabetic condition made warmer clothing and a warmer cell a medical necessity and, therefore, that Defendants failure to provide him with these conditions constituted deliberate indifference to a serious medical need.

Defendants contend Plaintiff refused proper treatment for his diabetes, including insulin, and that Plaintiff refused to adjust his diet to accommodate his diabetes. Doc. 54 at para. 42 & para. 43. Plaintiff contends he has "not refused

-7-

insulin in the past and that he would not refuse insulin at any time." Doc. 60 at para. 2.

Plaintiff received oral medication for his diabetes, including Glyburide and Metformin (an oral medication which lowers blood sugar), from at least July of 2002 through August of 2003. Doc. 54 at 2 & para. 40; Doc. 59 at 7. From November of 2000 through July of 2003, Plaintiff's blood sugar was tested on nine occasions. Doc. 54 at para. 41. Defendant Stapler submitted at least five requests for outside consultations for Plaintiff's diabetic retinopathy after July 25, 2002. Id. at para. 36. Defendant Stapler conferred with Plaintiff about his diet and the effects of his diet on his diabetes on November 20, 2002, November 22, 2002, June 14, 2003, and July 17, 2003. Id. at para. 42. Defendant Stapler avers Plaintiff refused insulin injections to control his diabetes between October of 2000 and July of 2003. Id. at para. 43 & Exh. 5. Defendant Stapler did not prescribe Glucovance (a combination of Glyburide and Metformin) for Plaintiff's diabetes as he requested because "he had already failed on the medications that are equivalent to Glucovance." Id. at para. 44.

Throughout the period 1999 through early 2002, Plaintiff submitted ten inmate grievances regarding his medical care to ADOC officials. See Doc. 54 at para. 15. Defendant Pinkstaff was the ADOC Facilities Health Administrator at ASPC-Eyman, where Plaintiff is now incarcerated in SMU II, from August 25, 1997, through July 5, 2002. Plaintiff contends Defendant Pinkstaff was the Facilities Health Administrator "until now 2005..." Doc. 59 at 4. Defendant Pinkstaff's duties

-8-

included evaluating the health care and treatment delivery systems for inmates consistent with their treatment by primary health care providers. His duties included reviewing inmate grievances and requests for medical services. Defendant Pinkstaff is not a trained medical provider and has never provided medical care to Plaintiff.

Defendant Stapler has been a physician at the ASPC-Eyman facility since 1984. She is a family practitioner and has been treating Plaintiff since October 2000.

Plaintiff's complaint alleges he was denied warmer clothing and a warmer cell, resulting in "nerve damage to [Plaintiff's] feet, a persistent cough, headaches, frequent infections, vision problems, neuropathy and flu-like symptoms." Doc. 5 at 1-2. Plaintiff's affidavit attached to his statement of facts alleges he has presented evidence showing that Defendants knew of and disregarded a substantial risk to Plaintiff's health by denying him extra blankets. Doc. 60, Attach. at 10.

Defendant Luna was the Deputy Warden at the ASPC-Eyman facility, including SMU II, from October 30, 2002, through June 18, 2004. Doc. 54 at para. 20. Defendant Luna responded to two inmate grievances submitted by Plaintiff in December 2003 and February 2004 regarding warmer clothing and the temperature of his cell. Id. at para. 29. Defendant Luna informed Plaintiff in response to his grievances that SMU II thermostats are set to maintain a temperature of 70 degrees and that the thermostats are checked each morning. Id. at para. 26. In response to a grievance appeal filed by Plaintiff, ADOC Director Schriro


stated: "Our health professionals tell us that temperature variations such as cold do not result in nerve damage to extremities in diabetics; nerve damage is the result of the disease itself." Id. at para. 28.

Plaintiff stated at his deposition that the only Defendant who had ignored his requests for warmer clothing and a warmer cell was Defendant Luna. Doc. 54, Exh. 2. Plaintiff does not allege any other wrong-doing by Defendant Luna. Id., Exh. 2. Plaintiff stated in his deposition that he did not suffer any physical harm as a result of the denial of warmer clothing. Id. at para. 8.

**D. Analysis**

**1. Statute of limitations**

Defendants assert that they are entitled to summary judgment regarding all claims arising from events occurring prior to two years before Plaintiff filed his section 1983 complaint. Doc. 53 at 3.[2] A two-year statute of limitations

---

[2] Plaintiff filed his previous complaint against Defendant Pinkstaff and Defendant Stapler on October 22, 2002, and Plaintiff sought injunctive relief in that matter, in the form of specific treatment for his diabetes, on March 10, 2003. Any claims, therefore, which allege deliberate indifference on the part of Defendant Stapler regarding her alleged improper treatment for his diabetes and deliberate indifference on the part of Defendant Pinkstaff for not "ordering" Defendant Stapler to provide different treatment in response to Plaintiff's grievances, which arise prior to March 10, 2003, are barred by the doctrine of collateral estoppel.
   Plaintiff's complaint alleges "medical staff at SMU-II [have] failed and refused to properly treat Plaintiff's Type 2 diabetes from October 2000 to 2003.... ", and that medical care was "intentionally not provided on ... January 28, 2003." Doc. 1 at Attach. These dates are within the relevant statute of limitations; however, these specific claims are barred by the doctrine of collateral estoppel. Compare Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 406 (9th Cir. 1985).

applies to section 1983 suits filed by prisoners in the custody of the Arizona Department of Corrections. See, e.g., De Luna v. Farris, 841 F.2d 312, 313 (9th Cir. 1988); Marks v. Parra, 785 F.2d 1419, 1420 (9th Cir. 1986). However, the statute of limitations may be tolled during the time that a prisoner is exhausting his administrative remedies prior to filing a section 1983 suit. Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 1999); Wisenbaker v. Farwell, 341 F. Supp. 2d 1160, 1165 (D. Nev. 2004); Third & Catalina Assoc. v. City of Phoenix, 182 Ariz. 203, 207, 895 P.2d 115, 119 (Ct. App. 1994). See also Cooper v. Nielson, 194 F.3d 1316 (Table), 1999 WL 719514, at *1 (9th Cir.).

Plaintiff filed his complaint on July 26, 2004. Therefore, absent any tolling of the relevant statute of limitations while Plaintiff exhausted his administrative remedies, claims in the complaint arising from events occurring prior to July 26, 2002, are presumptively barred by the two-year statute of limitations applicable to prisoner civil rights complaints filed in the District of Arizona. Defendant Pinkstaff was the Facilities Health Administrator at ASPC-Eyman from August 25, 1997 through July 5, 2002. Defendant asserts that the statute of limitations, therefore, bars all claims against Defendant Pinkstaff.

The specific allegations in the complaint against Defendant Stapler discuss incidents occurring on January 9, 1999, September 13, 2001, April 19, 2002, July 4, 2002. Defendant Stapler contends that, because all of these dates are more than two years before Plaintiff filed his complaint, the

-11-

claims are barred by the statute of limitations.

Because Plaintiff's claims may be denied on the merits, the Court concludes it is not necessary to undertake an analysis of which claims may be barred by the statute of limitations or the extent to which Plaintiff is entitled to tolling of the statute of limitations during administrative exhaustion of his claims.

### 2. Relevant section 1983 law

A defendant is not liable to a plaintiff for violation of the plaintiff's constitutional rights unless the defendant was personally involved in the alleged constitutional violation. See Rizzo v. Goode, 423 U.S. 362, 371-72 (1976); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The plaintiff must also establish that a defendant's conduct, allegedly violating the plaintiff's rights, was within their discretion and authority to control. See Taylor, 880 F.2d at 1045; Williams v. Bennett, 689 F.2d 1370, 1388 (11th Cir. 1982); Pinto v. Nettleship, 737 F.2d 130, 133 (1st Cir. 1984). Section 1983 liability cannot be predicated on the theory of respondeat superior. See, e.g., Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### 3. Legal standard for an Eighth Amendment claim

To prevail in a section 1983 medical treatment claim a plaintiff must establish that the defendant acted with "deliberate indifference to his serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need exists only if the defendant's failure to treat the plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain on the plaintiff.

-12-

Id., 429 U.S. at 104. "A defendant must purposefully ignore or fail to respond to a [plaintiff's] pain, medical need or condition acting with knowledge or reckless disregard resulting in significant harm" to violate the plaintiff's Eight Amendment rights. Farmer v. Brenna, 511 U.S. 825, 831-32 (1994).

"[D]eliberate indifference describes a state of mind more blame worthy than negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id., 511 U.S. at 835. Deliberate indifference is demonstrated where prison officials deny, delay, or interfere with medical treatment, if the indifference is substantial and the conduct rises to the level of unnecessary and wanton infliction of pain. Estelle, 429 U.S. at 105-06; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). A delay in medical care that does not result in "substantial harm" is insufficient, as a matter of law, to prevail on a section 1983 claim. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Additionally, state prison officials have "wide discretion regarding the nature and extent of medical treatment." Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a section 1983 claim." Franklin v. State of Or. Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).

**4. Defendant Luna**

The Court ordered Defendant Luna to answer Plaintiff's allegation that Defendant Luna was seriously indifferent to his

serious medical needs. During his deposition, Plaintiff testified that his claim against Defendant Luna was predicated on this Defendant's refusal to provide Plaintiff with warm clothing, which resulted in harm to Plaintiff.

Plaintiff has failed to establish a legitimate dispute about a material fact, i.e., whether any denial of warmer clothing and a warmer cell resulted in harm to Plaintiff. Additionally, Plaintiff presents no evidence that Defendant Luna acted with the requisite state of mind. Plaintiff presents no evidence Defendant knew that Plaintiff's desire for a warmer cell and warmer clothing was premised on a "serious medical need." Therefore, Plaintiff has failed to establish a disputed issue of material fact with regard to Defendant Luna's alleged indifference and with regard to the existence of a serious medical need.

Plaintiff has failed to provide any admissible evidence that Defendant Luna acted with deliberate indifference to a known serious medical need and, therefore, Defendant Luna is entitled to summary judgment on this claim. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992)(concluding that "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Taking the facts in the light most beneficial to Plaintiff, Defendant Luna was, at worst, negligent in not inquiring further as to the necessity of providing warmer clothing to Plaintiff as an alleged necessary treatment for his diabetes. However, as a

-14-

matter of law, any such negligence did not constitute deliberate indifference and, therefore, Defendant Luna is entitled to judgment as a matter of law. See Wood v. Housewright, 900 F.2d 1332, 1334-35 (9th Cir. 1990).

### 5. Defendant Stapler

The Court ordered Defendant Stapler to answer the allegation that Defendant violated Plaintiff's constitutional rights pursuant to the Eighth Amendment by denying him proper treatment for his diabetes.

The evidence provided by Defendants indicates Defendant Stapler was not deliberately indifferent to Plaintiff's serious medical needs. Defendant Stapler treated Plaintiff's diabetes, counseling him regarding his diet and medication regiments. Additionally, Plaintiff presents no admissible evidence that any alternative treatment requested by Plaintiff would have resulted in a better outcome regarding Plaintiff's secondary physical ailments. Plaintiff has not provided evidence to establish a legitimate dispute that he received improper care for diabetes; at best, Plaintiff asserts a difference of opinion between himself and his medical care providers regarding the course of treatment prescribed for his diabetes.

Plaintiff has not presented sufficient evidence that Defendant Stapler purposefully ignored or failed to respond to Plaintiff's pain or serious medical needs and, therefore, Plaintiff has failed to establish a violation of his Eighth Amendment rights by Defendant Stapler. See McGuckin, 974 F.2d at 1060 (concluding that "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need

-15-

in order for deliberate indifference to be established."); Wood, 900 F.2d at 1334-35; Franklin, 662 F.2d at 1344.

### 6. Defendant Pinkstaff

The Court ordered Defendant Pinkstaff to answer Plaintiff's allegation that Defendant Pinkstaff was deliberately indifferent to Plaintiff's serious medical needs because Defendant Pinkstaff failed to ensure Plaintiff's diabetes was adequately treated. In his complaint, Plaintiff alleges only that Defendant Pinkstaff failed to order or direct Defendant Stapler to give Plaintiff insulin or to monitor his blood sugar more frequently.

The evidence presented in this matter indicates Plaintiff's diabetes was adequately treated. Additionally, Defendant Pinkstaff is not a physician and did not direct the medical treatment for Plaintiff's diabetes. Liability pursuant to section 1983 attaches only if the plaintiff establishes that the named defendant personally participated in the deprivation of the plaintiff's constitutional rights. See Taylor, 880 F.2d at 1045. A supervisor is only liable for his subordinates' violation of an inmate's constitutional rights if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Id. Plaintiff presents no evidence that he was deprived of a constitutional right, or that Defendant Pinkstaff failed to prevent any violation of Plaintiff's constitutional rights.

### Conclusion

Defendants are entitled to judgment as a matter of law with regard to Plaintiff's claims because Plaintiff has not

produced sufficient evidence that Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of his Eighth Amendment rights.

**Miscellaneous Motions**

**A.   Motion for Appointment of Counsel**

Plaintiff recently sought appointment of counsel (Doc. 65). There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Plaintiff is an articulate and competent litigator, and his issues are not unusually complex medical claims. Also, his claims are not sufficient to withstand summary judgment. The Court will deny his request for counsel.

**B.   Motion for Injunctive Relief**

Plaintiff filed a "Demand Court Ordered Retaliation Claim" (Doc. 67) based on an incident on May 12, 2006, when, to retaliate against him for filing this lawsuit, an unidentified nurse allegedly switched his syringe, and Drs. Sharp and McRill supposedly failed to intervene. None of the allegations

involved the conduct of the current Defendants.

Defendants responded with a motion to strike, contending that Plaintiff's motion was based on an alleged retaliation claim involving matters unrelated to the Complaint. (Doc. 68 at 2.) The contention is well-taken. An injunction is appropriate to grant intermediate relief of the same character as which may be granted finally. DeBeers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). When the requested relief deals with a matter lying wholly outside the issues in suit, relief is not proper. Id.; accord Kaimowitz v. Orlando, Fl., 122 F.3d 41, 43 (11th Cir.) (per curiam), amended, 131 F.3d 950 (11th Cir. 1997) (per curiam). Plaintiff's motion concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied. Defendants' motion to strike, and Plaintiff's responsive motion to quash will be denied as moot.

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (Doc. 53) is **GRANTED**. Judgment in favor of these Defendants and against Plaintiff shall be entered with regard to all counts of the complaint stated against each Defendant and these Defendants are hereby **dismissed** from this matter.

**IT IS FURTHER ORDERED** that Defendants' motion to strike Plaintiff's statement of facts is **GRANTED IN PART AND DENIED IN PART**, as specified in this Order. (Doc. 62.)

**IT IS FURTHER ORDERED** withdrawing the reference to the Magistrate Judge as to Plaintiff's motion to quash Defendants'

1  motion to strike and Defendants' motion to strike (Doc. 68, 69).
2         **IT IS FURTHER ORDERED** that Plaintiff's motion to quash
3  Defendants' motion to strike and Defendants' motion to strike
4  are **DENIED** as moot.  (Doc. 68, 69).
5         **IT IS FURTHER ORDERED** that Plaintiff's motion for
6  appointment of counsel is denied.  (Doc. 65)
7         **IT IS FURTHER ORDERED** withdrawing the reference to the
8  Magistrate Judge as to Plaintiff's "Demand Court-Ordered
9  Retaliation Claim" (Doc. 67)
10        **IT IS FURTHER ORDERED** that Plaintiff's "Demand Court-
11 Ordered Retaliation Claim" (Doc. 67) is **DENIED**.
12        **IT IS FURTHER ORDERED** that, as a result of summary
13 judgment having been granted, the Clerk of the Court shall enter
14 judgment accordingly.
15        DATED this 21st day of July, 2006.

_____
Stephen M. McNamee
United States District Judge